tober, **1911.**) Action by Aaron M. Wan'ds against George W. Pound and others.

PER CURIAM. Order affirmed with $10 costs and disbursements.

ROBSON, J., dissents.

WARE et al., Respondents, v. HICKS et al., Appellants. (Supreme Court, Appellate Division, Second Department, March 15, 1912.) Action by William R. Ware and' others against Isabel Hicks and another. No opinion. Judgment affirmed, with costs.

WATRAL v. ST. MATTHEWS SOCIETY. (Supreme Court, Appellate Term. March 8, 1912.) Appeal from Municipal Court, Borough of Manhattan, Second District. Action by George Watral against Saint Matthews Society. From a judgment of the Municipal Court of the City of New York in favor of the plaintiff, defendant appeals. Reversed, and complaint dismissed. Robson & Simpson, for appellant. Isidor L. Daniels, for respondent.

SEABURY, J. Plaintiff sues to recover for extra work, which he alleges he performed while he was president of the defendant society. The pleadings were oral. The plaintiff failed to prove any contract with the defendant, or to establish any cause of action whatever. Judgment reversed, with costs, and complaint dismissed, with costs. All concur.

WATSON, Respondent, v. LUCIOS, Appellant. (Supreme Court, Appellate Division, Fourth Department. October, 1911.) Action by Henry W. Watson, as committee, etc., of Evalena Beadle, an incompetent person, against one Lucios. No opinion. Order affirmed, with $10 costs and disbursements.

WATSON, Respondent, v. PRINCE et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. January 31, 1912.) Action by Elizabeth Watson against Esther J. Prince and others.

PER CURIAM. Interlocutory judgment affirmed, with costs, with leave to the defendants to plead over within 20 days upon payment of the costs of the demurrer and of this appeal.

SPRING, J., dissents.

WEAVER v. WEAVER et al. (Supreme Court, Appellate Division, First Department. March 8, 1912.) Appeal from Special Term, New York County. Action by Ethel D. Weaver against George Weaver individually, etc., and others. From a judgment dismissing the complaint on the merits, plaintiff appeals. Modified and affirmed. A. Walker Otis, for appellant. Charles Brandt, for respondents.

PER CURIAM. The judgment should be modified, by striking out all provisions after the dismissal of the complaint, with costs, upon the ground that the decree of the surrogate is a binding adjudication affecting the personal property of the decedent, and, as so modified, the judgment should be affirmed, without costs.

WEBB, Appellant, v. BROOKLYN HEIGHTS R. CO., Respondent. (Supreme Court, Appellate Division, Second Department, March 15, 1912.) Action by Charles H. Webb against the Brooklyn Heights Railroad Company.

PER CURIAM. Judgment reversed, and new trial granted, costs to abide the event, upon the ground that the issues should have been submitted to the jury.

JENKS, P. J., and HIRSCHBERG, J., dissent.

WELLS et al., Respondents, v. DUNLOP et al., Appellants. (Supreme Court, Appellate Division, First Department. January 26, 1912.) Action by Oliver J. Wells and others against Eliza C. Dunlop and others, as executors, etc. E. S. Clinch, for appellants. H. H. Snedeker, for respondents.

PER CURIAM. Judgment and order affirmed, with costs. Order filed.

LAUGHLIN, J., dissents.

WEXLER v. BRAILE et al. (Supreme Court, Appellate Division, Second Department. January 19, 1912.) Action by Adolf Wexler against Angelo Braile and another. No opinion. Judgment of the Municipal Court affirmed, with costs.

WHITE, Respondent, v. SCHWEITZER et al., Appellants. (Supreme Court, Appellate Division, Second Department. March 8, 1912.) Action by William E. White against Nathan Schweitzer and others. No opinion. Motion for reargument (of 132 N. Y. Supp. 644) denied, without costs.

WHITELAW, Appellant, v. WALTHER et al., Respondents. (Supreme Court, Appellate Division, Second Department. March 8, 1912.) Action by Alexander G. Whitelaw, as trustee, etc., against Frank G. Walther and another. No opinion. Motion denied, without costs, on condition that appellant within 20 days perfect his appeal, place the cause on the next calendar, and be ready for argument when reached; otherwise, motion granted, with $10 costs.

In re WHITTEMORE. (Supreme Court, Appellate Division, Third Department. March 6, 1912.) In the matter of the judicial settlement of the account of Fannie A. Whittemore, as executrix of the will of Edward C. Whittemore, deceased.

PER CURIAM. Decree modified, so as to provide that Fannie A. Whittemore shall hold the balance of the estate in her hands, being the sum of $11,650.29, as executrix, without the giving of security, and striking therefrom